# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv00205

| | |
|---|---|
| JOSE QUINONES, | ) |
| Plaintiffs, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| HUMANA INSURANCE COMPANY, | ) |
| Defendant. | ) |

Pending before the Court is Defendant's Motion to Dismiss [# 5]. Plaintiff, who is proceeding *pro se*, brought this action against Defendant in state court seeking an order from the court directing Defendant to dispense specific medications to Plaintiff. Subsequently, Defendant removed this action to this Court on the basis of federal question jurisdiction and moved to dismiss the Complaint. On September 3, 2013, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his obligation to respond to the Motion to Dismiss and the time frame for responding. Plaintiff did not file a response. The Motion to Dismiss is now before this Court for a Memorandum and Recommendation to the District Court. Upon a review of the pleadings and the relevant legal authority, the Court **RECOMMENDS** that the

-1-

District Court **GRANT** the Motion to Dismiss [# 5].

## I. Factual Background

Plaintiff has Parkinson's Disease, as well as other acute illnesses. (Pl.'s Compl. at p. 2.) Plaintiff is enrolled in the Humana Walmart-Preferred Rx Plan ("the PDP"), which is a Medicare prescription drug plan under Medicare Part D. (Eagan Aff. ¶ 3, Jul. 26, 2013.) As part of his medical care, doctors prescribed Plaintiff thirty prescription drugs. (Pl.'s Compl. at p. 3.) Plaintiff requested that Defendant provide him with a number of these prescription drugs pursuant to the PDP. (Eagan Aff. ¶ 5.) Plaintiff was only provided with six prescription drugs. (Pl.'s Compl. at p. 3.) Defendant determined that many of the prescription drugs were not covered by the PDP because the prescribed use did not meet Medicare criteria and, thus, were not covered. (Eagan Aff. ¶ 6.)

Plaintiff requested reconsideration of the coverage decision. (Eagan Aff. ¶ 6.) Upon reconsideration, Defendant approved one prescription drug and denied the others. (Eagan Aff. ¶ 7.) Defendant then informed Plaintiff of his right to appeal the coverage determination to Maximus Federal Services ("Maximus). (Eagan Aff. ¶ 7.) After Plaintiff brought this action, Maximus rendered an unfavorable decision and informed Plaintiff of his right to a hearing with an Administrative Law Judge. (Ex. 4 to Def.'s Mot. Dismiss.)

## II. Analysis

Medicare is a federal program that provides health insurance for the elderly and the disabled. Almy v. Sebelius, 679 F.3d 297, 299 (4th Cir. 2012). The Secretary of Health and Human Services administers Medicare. Id. Medicare Part D provides partial coverage for prescription drugs to Medicare beneficiaries. First Med. Health Plan, Inc. v. Vega-Ramos, 479 F.3d 46, 48 (1st Cir. 2007).

Before an individual seeks judicial review of a decision denying a claim for benefits under Medicare, he or she must first exhaust his or her administrative remedies. Heckler v. Ringer, 466 U.S. 602, 614-18, 104 S. Ct. 2013 (1984); Uhm v. Humana, Inc., 620 F.3d 1134, 1140 (9th Cir. 2010). A plaintiff complaining about the denial of prescription drug benefits under Medicare Part D, is asserting claims that arise under the Medicare Act, which are subject to the exhaustion requirement. Uhm, 620 F.3d at 1142-43. Where a plaintiff fails to exhaust his or her administrative remedies prior to asserting claims in federal court challenging the denial of prescription drug benefits under Medicare Part D, the Court lacks jurisdiction over such claims. Heckler, 466 U.S. at 622, 104 S. Ct. at 2025.

Plaintiff seeks review from this Court of the decision of Defendant not to provide him with certain prescription drugs pursuant to Medicare Part D. Plaintiff, however, did not exhaust his administrative remedies prior to bringing this action,

and none of the exceptions to exhaustion are applicable in this case. See 42 C.F.R. § 423.1976 (setting forth requirements for judicial review). Because Plaintiff has not exhausted his administrative remedies, this Court does not have jurisdiction over this case. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the motion [# 5] and Dismiss without prejudice this action.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] and **DISMISS without prejudice** this action.

Signed: October 15, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).